1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| ROBERT BENYAMINI, | CASE NO. 1:06-cv-01096-AWI-NEW (DLB) PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR |
| v. | NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIM AGAINST |
| DEBBIE MANJUANO, et al., | DEFENDANT MANJUANO |
| Defendants. | (Doc. 1) |

10

11

12

13

14

15   I.      Screening Order

16           A.      Screening Requirement

17           Plaintiff Robert Benyamini ("plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on August

19   21, 2006.

20           The court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28   ///

1

1   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

3   506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

4   plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

5   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

6   grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only

7   if it is clear that no relief could be granted under any set of facts that could be proved consistent with

8   the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

9   the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

10   the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey,

11   353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

12   Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

13   opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

14   2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

15   Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

16   complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l

17   Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

18   266, 268 (9th Cir. 1982)).

19         B.      Plaintiff's Claims

20         The events at issue in this action allegedly occurred while plaintiff was a prisoner housed at

21   the Modesto City Jail.  Plaintiff names Dr. Debbie Manjuano, and Officers Wilcox, Wilkerson, and

22   O'Grady as defendants.  Plaintiff is seeking money damages.

23         In his complaint, plaintiff alleges that he is extremely claustrophobic and has been diagnosed

24   with the phobia by doctors.  Plaintiff alleges that while at the jail, he was housed in segregation in

25   the mental health unit in a small cell, virtually windowless cell for twenty-three hours a day over a

26   period of six months.  Plaintiff alleges that he informed defendant Manjuano of his phobia and

27   begged her to let him out of segregation and into a group with others.  Plaintiff alleges she ignored

28   his pleas, and his mental health deteriorated to the point he started hallucinating and became

2

1  physically out of shape.  Plaintiff alleges he would get his requests back denied by defendants

2  Wilcox, Wilkerson, and O'Grady.

3                    1.      Mental Health Care Claim

4  The Civil Rights Act under which this action was filed provides:

5          Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the deprivation
6          of any rights, privileges, or immunities secured by the Constitution .
           . . shall be liable to the party injured in an action at law, suit in equity,
7          or other proper proceeding for redress.

8  42 U.S.C. § 1983.  Section 1983 plainly requires that there be an actual connection or link between

9  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

10  Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

11  (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning

12  of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits

13  to perform an act which [that person] is legally required to do that causes the deprivation of which

14  complaint is made.'"  Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v.

15  Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established

16  not only by some kind of direct, personal participation in the deprivation, but also be setting in

17  motion a series of acts by others which the actor knows or reasonably should know would cause

18  others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

19          A prisoner's claim of inadequate medical care does not rise to the level of an Eighth

20  Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized

21  measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in

22  doing so.'"[1] Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296

23  F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately

24  indifferent manner unless the official "knows of and disregards an excessive risk to inmate health

25

26          [1] It is not clear whether plaintiff was a convicted prisoner or a pre-trial detainee at the time of the events in
     question.  The Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted
27   prisoners.  Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989).  However,
     although the rights of pre-trial detainees are analyzed under the Due Process Clause rather than the Eighth
28   Amendment, the same standards apply.  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

1   or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Where a prisoner is alleging a delay in

2   receiving medical treatment, the delay must have led to further harm in order for the prisoner to

3   make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060

4   (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

5          Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983

6   against defendant Manjuano for acting with deliberate indifference to his mental health needs. Fed.

7   R. Civ. P. 8(a). However, plaintiff has not alleged sufficient facts to support a claim that defendants

8   Wilcox, Wilkerson, and O'Grady "[knew] of and disregard[ed] an excessive risk to [plaintiff's

9   mental] health . . . ." Farmer, 511 U.S. at 837. The bare allegation that defendants denied his

10  requests is insufficient to support a claim that defendants knew plaintiff's mental health needs were

11  suffering as a result of his housing assignment and ignored that risk. Accordingly, plaintiff fails to

12  state a claim for relief under section 1983 against Wilcox, Wilkerson, and O'Grady.

13         C.      Conclusion

14         The court finds that plaintiff's complaint states a cognizable claim for relief against defendant

15  Manjuano for acting with deliberate indifference to plaintiff's mental health needs, in violation of

16  the Eighth Amendment. However, the court finds that plaintiff's complaint does not state a claim

17  against defendants Wilcox, Wilkerson, and O'Grady for violation of the Eighth Amendment. The

18  court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to

19  do so.

20         If plaintiff does not wish to file an amended complaint and wishes to proceed only against

21  defendant Manjuano on his Eighth Amendment claim, plaintiff may so notify the court in writing.

22  The court will then issue Findings and Recommendations recommending that the remaining claims

23  and defendants be dismissed from this action, and will forward plaintiff one summons and one USM-

24  285 form to fill out and return to the court. Upon receipt of these documents, the court will direct

25  the United States Marshal to initiate service of process on defendant Manjuano.

26         In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule

27  15-220 requires that an amended complaint be complete in itself without reference to any prior

28  pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux

1  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

2  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

3  original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

5  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,

6  625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named

7  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

8  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.

9  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

10  588 F.2d 740, 743 (9th Cir. 1978).

11        Based on the foregoing, it is HEREBY ORDERED that:

12        1.    The Clerk's Office shall send plaintiff a civil rights complaint form;

13        2.    Within **thirty (30) days** from the date of service of this order, plaintiff must either:

14              a.    File an amended complaint curing the deficiencies identified by the court in

15                    this order, or

16              b.    Notify the court in writing that he does not wish to file an amended complaint

17                    and wishes to proceed only against defendant Manjuano for acting with

18                    deliberate indifference to his mental health needs, in violation of the Eighth

19                    Amendment; and

20        3.    If plaintiff fails to comply with this order, this action will be dismissed for failure to

21              obey a court order.

22

23     IT IS SO ORDERED.

24    **Dated:    March 2, 2007**              **/s/ Dennis L. Beck**
      3b142a                          UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                        5