# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | CASE NO. 1:06-cv-01096-AWI-NEW (DLB) PC |
|       Plaintiff, | ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT AND REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS |
|   v. | |
| DEBBIE MANJUANO, et al., | (Doc. 16) |
|       Defendants. | |
| _____/ | |

I.    Screening Order

      Plaintiff Robert Benyamini ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on August 21, 2006.

      The court screened plaintiff's complaint and on March 5, 2007, issued an order finding that it stated a cognizable claim for relief against defendant Manjuano but did not state any claims against defendants Wilcox, Wilkerson, and O'Grady.  Plaintiff was ordered to either file an amended complaint or notify the court of his willingness to proceed only against defendant Manjuano.  After obtaining three extensions of time, plaintiff filed an amended complaint on August 27, 2007.  For the reasons set forth below, the court finds that plaintiff's amended complaint now states a claim against defendants Wilcox, Wilkerson, and O'Grady, but no longer states a claim against defendant Manjuano.

///

///

1

1    A.    <u>Screening Requirement</u>

2         The court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

10        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

11   exceptions," none of which applies to section 1983 actions.  <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

12   506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

13   plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

14   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

15   grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.  A court may dismiss a complaint only

16   if it is clear that no relief could be granted under any set of facts that could be proved consistent with

17   the allegations.  <u>Id</u>. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

18   the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

19   the pleadings that a recovery is very remote and unlikely but that is not the test.'"  <u>Jackson v. Carey</u>,

20   353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u>

21   <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

22   opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir.

23   2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

24   <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

25   complaint may not supply essential elements of the claim that were not initially pled."  <u>Bruns v. Nat'l</u>

26   <u>Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d

27   266, 268 (9th Cir. 1982)).

28   ///

B.     Plaintiff's Claims

In his amended complaint, plaintiff alleges that he has claustrophobia and was in solitary confinement on lock-down for twenty hours a day, and deprived of sun and fresh air.  Plaintiff alleges that his phobia worsened and he suffered from hallucinations, fatigue, and depression, and was unable to do much except sleep, which caused him to become out of shape.  Plaintiff alleges that defendants Wilcox, Wilkerson, and O'Grady were aware of his condition but failed to help him.

1.     Eighth Amendment Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of

3

1 confinement, prison officials may be held liable only if they acted with "deliberate indifference to

2 a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

3   The deliberate indifference standard involves an objective and a subjective prong.  First, the

4 alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan, 511

5 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official

6 must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S.

7 at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane

8 conditions of confinement only if he knows that inmates face a substantial risk of harm and

9 disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.  Mere negligence

10 on the part of the prison official is not sufficient to establish liability, but rather, the official's

11 conduct must have been wanton.  Id. at 835; Frost, 152 F.3d at 1128.

12   Plaintiff alleges that defendants Wilcox, Wilkerson, and O'Grady knew of his phobia, did

13 nothing to help him, and used it as a form of torture against him.  The allegations set forth in

14 plaintiff's amended complaint are sufficient to state a claim under section 1983 against defendants

15 Wilcox, Wilkerson, and O'Grady for violation of the Eighth Amendment.  Fed. R. Civ. P. 8(a);

16 Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) .  However, plaintiff has not alleged any facts which

17 support a claim against defendant Manjuano.  Plaintiff appears to be under the impression that in his

18 amended complaint, he need only add facts to cure the deficiencies in his claims against defendants

19 Wilcox, Wilkerson, and O'Grady.  As plaintiff was previously advised, however, an amended

20 complaint be complete in itself without reference to any prior pleading.  Plaintiff is required to allege

21 in full all claims he is pursuing.  By failing to re-allege in the amended complaint the facts against

22 defendant Manjuano that were in the original compliant, plaintiff no longer states a claim against her.

23 Plaintiff will be given one final opportunity to amend.

24    2.  ADA Claim

25   Plaintiff alleges that because his phobia disability was known, that constituted an ADA

26 violation.

27   Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis

28 of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no

4

qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Plaintiff's ADA claim fails on two grounds. First, the treatment, or lack of treatment, concerning medical or mental health care needs does not provide a basis upon which to impose liability under the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Second, "'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)). Thus, individual liability against prison employees is precluded under Title II of the Americans with Disabilities Act.

For the foregoing reasons, plaintiff has not state a cognizable ADA claim.

3.    Due Process Claim

Plaintiff alleges that confinement to quarters, solitary confinement, and confinement to administrative segregation require a reason, that the written reason must be given to the inmate, and that a hearing must be held.  Plaintiff alleges that his due process rights were violated.

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005).  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."  Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff is owed procedural due process protections such as notice and an opportunity to be heard only if he is deprived of a protected liberty interest.  Plaintiff has not alleged any facts supporting a claim that he was deprived of any protected liberty interest.  Therefore, plaintiff's conclusory assertion that he was entitled to written notice and a hearing does not support a claim for relief.  In addition, plaintiff has not alleged any facts linking the failure to provide written notice and an opportunity to be heard to any named defendant.

C.    Conclusion

The court finds that plaintiff's amended complaint states a cognizable claim for relief under section 1983 against defendants Wilcox, Wilkerson, and O'Grady for violation of the Eighth Amendment, but does not state a claim against defendant Manjuano.  In addition, plaintiff's amended complaint fails to state a cognizable ADA claim or a cognizable due process claim.  The court will provide plaintiff with one final opportunity to amend.

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v.</u> <u>Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v.</u> <u>Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send plaintiff a civil rights complaint form;

2.    Plaintiff's amended complaint is dismissed, with leave to amend;

3.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file a second amended complaint curing the deficiencies identified by the court in this order; and

4.    If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    September 5, 2007              /s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE