# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | CASE NO. 1:06-cv-01096-AWI-GSA PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE FOURTH AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EIGHTH AMENDMENT CLAIM |
| v. | |
| DEBBIE MANJUANO, et al., | |
| Defendants. | (Doc. 35) |
| | RESPONSE DUE WITHIN THIRTY DAYS |
| _____/ | |

### Third Screening Order

I.    **Procedural History**

       Plaintiff Robert Benyamini ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 (Americans with Disabilities Act).  Plaintiff filed this action on August 21, 2006.  On March 5, 2007, the Court issued an order finding that Plaintiff's complaint stated a claim against Defendant Manjuano but did not state any claims against Defendants Wilcox, Wilkerson, and O'Grady.  Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only against Defendant Manjuano.  On August 27, 2007, Plaintiff filed an amended, which was screened by the Court pursuant to order filed September 5, 2007.  The Court found that Plaintiff's amended complaint stated a claim against Defendants Wilcox, Wilkerson, and O'Grady but no longer stated a claim against Defendant Manjuano.  The Court dismissed Plaintiff 's amended complaint, with

1

leave to amend.  Plaintiff filed a second amended complaint on September 10, 2007, and sought an extension of time to amend on September 25, 2007.  The Court noted that Plaintiff most likely was not in receipt of its most recent screening order when he filed his second amended complaint and granted an extension to amend.  After obtaining three more extensions of time, Plaintiff filed a third amended complaint on May 23, 2008.

## II.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III.   Plaintiff's Claims

The events at issue in this action allegedly occurred at the Modesto County Jail, where Plaintiff was housed at the time.  Plaintiff suffers from extreme claustrophobia and was housed in a small cell in segregation for approximately five months, commencing on June 25, 2003.  Plaintiff

2

was not given a reason for the segregation and was not charged with or convicted of any disciplinary violations. Plaintiff contends that his confinement in segregation caused him physical and mental harm as a result of his extreme claustrophobia. In addition to claiming that his confinement violated the Eighth Amendment, Plaintiff asserts he was segregated without procedural due process, and was discriminated against based on his race and disability, in violation of the Equal Protection Clause and ADA. Plaintiff also asserts that he was not able to conduct legal research and lost his motion for a new trial as a result.

Dr. Manjuano and Deputies Wilcox, Wilkerson, and O'Grady, all of whom were also defendants in the previous complaints, and Lt. Long, Sheriff Les Weidman, Sgt. Harper, and three Doe are named as defendants. Plaintiff is seeking both monetary and injunctive relief.

### A.   Eighth Amendment Claim

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Morgan at 1045 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). "A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was 'objectively, sufficiently serious;' and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place." Id. at 1045 (quoting Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Farmer, 511 U.S. at 837-45.

Plaintiff's allegations that his confinement in segregation caused him extreme physical and mental problems due to his claustrophobia and that Defendants Manjuano, Wilcox, Wilkerson, and O'Grady were aware of the situation but failed to take any action is sufficient to support an Eighth Amendment claim under federal notice pleading standards. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008).

3

1

**B.   Due Process**

2      The Due Process Clause protects against the deprivation of liberty without due process of

3  law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005).  In order to invoke the

4  protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest

5  for which the protection is sought. Id.  Liberty interests may arise from the Due Process Clause itself

6  or from state law.  Id.  The Due Process Clause itself does not confer on inmates a liberty interest

7  in avoiding "more adverse conditions of confinement." Id.  Liberty interests created by state law are

8  "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on

9  the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484,

10  115 S.Ct. 2293 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

11      Plaintiff has alleged sufficient facts to demonstrate that in light of his severe claustrophobia,

12  his confinement in segregation for five months caused him to suffer and experience difficulties.

13  However, while his allegations are sufficient to support a claim that he was subjected to conditions

14  of confinement which caused him harm, they do not support a claim that the conditions in

15  segregation rose to the level of "atypical and significant hardship . . . .in relation to the ordinary

16  incidents of prison life." Sandin, 515 U.S. at 484, 115 S.Ct. 2293.  Accordingly, Plaintiff has not

17  established the existence of a liberty interest entitling him to procedural process under federal law,

18  and he may not pursue a due process claim.

19

**C.   Equal Protection**

20      "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated

21  should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing

22  Plyler v. Doe, 457 U.S. 202, 216 (1982)).  "'To state a claim under 42 U.S.C. § 1983 for a violation

23  of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the

24  defendants acted with an intent or purpose to discriminate against the plaintiff based upon

25  membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)

26  (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  "Intentional discrimination

27  means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v.

28  ///

4

1   Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396,

2   1404 (9th Cir. 1994)) (emphasis in original).

3        Plaintiff alleges that he was segregated "only because racial discrimination and my ethnic

4   background . . . ." (Doc. 35, 8:17-19.)  However, Plaintiff 's complaint is devoid of any facts which

5   would support a claim that any named defendant intentionally discriminated against him on the basis

6   of his race.  While detailed allegations are not required, a plaintiff must set forth "the grounds of his

7   entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation

8   of the elements of a cause of action . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65

9   (2007) (internal quotations and citations omitted).

10       **D.   Denial of Access to the Courts**

11       Plaintiff alleges that due to his placement in segregation and the effect on his mental health,

12   he was unable to conduct legal research and writing in order to assist his attorney and he lost his

13   motion for a new trial.  Inmates have a fundamental constitutional right of access to the courts.

14   Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996).  The right of access is merely the right

15   to bring to court a grievance the inmate wishes to present, and the State is not required to enable the

16   inmate to discover grievances or to litigate effectively once in court.  Id. at 354.  In this instance,

17   Plaintiff was represented by counsel and has not raised a viable constitutional claim premised on his

18   inability to access the courts.  Further, the actual injury allegedly suffered relates to his criminal

19   conviction.  "A claim for damages bearing that relationship to a conviction or sentence that has not

20   been so invalidated is not cognizable under § 1983." Heck v. Humphrey, 512 U.S. 477, 486-87

21   (1994).  Plaintiff's claim arising from his inability to assist his counsel is not cognizable in this

22   action.

23       **E.   ADA Claim**

24       Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis

25   of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  "To establish a violation

26   of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability;

27   (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public

28   ///

entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

While Plaintiff contends that he is disabled within the meaning of the ADA, his allegations do not support a claim that he was discriminated against on the basis of that disability via exclusion from services, programs, or activities. The inability to participate in certain privileges due to placement in segregation does not translate into an ADA violation  Further, as Plaintiff was previously notified, "'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)). Individual liability is precluded under Title II of the Americans with Disabilities Act, and Plaintiff may not pursue an ADA claim against the individual defendants named in the complaint.

## F.    Claim Against Defendants Long, Weidman, Harper, and Does 1-3

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation," George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007), and "a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them,'" Hydrick v. Hunter, 500 F.3d 987, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Plaintiff adds Defendants Lt. Long, Sheriff Weidman, Sgt. Harper, and Does 1-3 to this action in his third amended complaint. However, Plaintiff has not alleged any facts linking them to the violation of his rights. It appears that Plaintiff may have sent them grievances or complaints

concerning his segregation.  (Doc. 35, 9:3-5.)  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  Plaintiff's conclusory allegations against them are insufficient to support a claim for relief against these newly added defendants.

### G.      Claim for Equitable Relief

Plaintiff seeks an order prohibiting the use of frosted glass and mandating that the defendants be disciplined.  Plaintiff also seeks what the Court construes to be a declaration of rights.

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions.  <u>Nelson v. Heiss</u>, 271 F.3d 891, 897 (9th Cir. 2001); <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368 (9th Cir. 1995); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991).  Further, this action is subject to the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

There is no basis upon which the Court may issue the orders sought by Plaintiff.  The segregation of Plaintiff which gives rise to the claims in this action occurred during a five month period of time almost five years ago at a facility Plaintiff is no longer housed in.  Both section 3626(a)(1)(A) of the PLRA and Article III of the Constitution preclude the award the equitable relief sought by Plaintiff.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006).

### IV.    Conclusion and Order

Plaintiff's third amended complaint states a claim against Defendants Manjuano, Wilcox, Wilkerson, and O'Grady for violation of the Eighth Amendment, but does not state any other claims upon which relief may be granted.  Plaintiff has twice been given leave to amend his claims.  However, Plaintiff added a new equal protection claim in his third amended complaint and the law

1    of this Circuit constrains the Court to allow him one opportunity to amend his new claim.[1] Lopez

2    v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).   Although the requirement of notice and an

3    opportunity to amend is satisfied by "a few sentences explaining the deficiencies," Noll v. Carlson,

4    809 F.2d 1446, 1448-49 (9th Cir. 1987), the Court has taken great care to explain to Plaintiff in detail

5    the deficiencies in his claims.  This will be Plaintiff's final opportunity to amend.  Plaintiff may not

6    add any new claims or any new parties to this action.  If Plaintiff attempts to do so, his fourth

7    amended complaint will be stricken from the record.

8         If Plaintiff does not wish to file a fourth amended complaint and is willing to voluntarily

9    abandon the claims found by the Court to be deficient, Plaintiff may notify the Court.  Upon such

10   notice, the Court will order that this action proceed on the third amended complaint and will dismiss

11   all claims except for the Eighth Amendment claim against Defendants Manjuano, Wilcox,

12   Wilkerson, and O'Grady.

13        If Plaintiff opts to amend, he must demonstrate in his complaint how the conditions

14   complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625

15   F.2d 227 (9th Cir. 1980).  The complaint must allege in brief but specific terms how each named

16   defendant is involved.  There can be no liability unless there is some affirmative link or connection

17   between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976);

18   May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

19   1978).

20        Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

21   Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

22   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

23   pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

24   complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing

25   to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

26   1474.

27

28        [1] The deficient claim arising from Plaintiff's alleged inability to assist his attorney is not capable of being
     cured and leave to amend that claim is not mandated.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that:

1.       The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.       Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

        a.       File a fourth amended complaint curing the deficiencies identified by the Court in this order, or

        b.       Notify the Court in writing that he does not wish to file a fourth amended complaint and is willing to proceed only against Defendants Manjuano, Wilcox, Wilkerson, and O'Grady for violation of the Eighth Amendment;

3.       If Plaintiff files a fourth amended complaint, he may not add any new claims or defendants and any attempt to do so will result in an order striking the fourth amended complaint; and

4.       If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   **June 30, 2008**               **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE