# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEBBIE MANJUANO, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-01096-AWI-GSA PC<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL AND TO STAY PROCEEDINGS<br><br>(Doc. 56)<br><br>ORDER DIRECTING CLERK'S OFFICE TO PREPARE USM-285 FORMS AND SUMMONSES ON PLAINTIFF'S BEHALF<br><br>(Doc. 53) |

　　　　Plaintiff Robert Benyamini is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel and to stay these proceedings, filed on June 18, 2009.

**I.　　Motion for Counsel**

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether

1  "exceptional circumstances exist, the district court must evaluate both the likelihood of success of
2  the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
3  of the legal issues involved." Id. (internal quotation marks and citations omitted).

4  In the present case, the Court does not find the required exceptional circumstances. Even if
5  it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
6  which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with
7  similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a
8  determination that Plaintiff is likely to succeed on the merits, and based on a review of the record
9  in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.
10  Therefore, Plaintiff's motion for counsel is denied.

11  **II.    Motion to Stay Proceedings**

12  Plaintiff seeks to stay these proceedings on the ground that he has not consented to
13  Magistrate Judge jurisdiction and "no judge can move the case forward beyond the screening of the
14  claim," as the undersigned is "attempting to [do]." (Doc. 56, p. 2.)

15  Plaintiff's contention is without merit. On May 26, 2009, Chief United States District Judge
16  Anthony W. Ishii dismissed certain claims and parties from this action and ordered service of the
17  third amended complaint on the remaining claims. Plaintiff's lack of consent is irrelevant because
18  the district judge assigned to this case issued the screening order in question, and it is within the
19  authority of the undersigned to direct Plaintiff to submit the appropriate documents so that service
20  of process may be initiated. 28 U.S.C. § 636(b)(1)(A); Local Rule 72-302 (c)(17).

21  Plaintiff's motion to stay is denied, and the Clerk's Office will be directed to complete the
22  service documents on Plaintiff's behalf so that service of process may be initiated.

23  **III.   Order**

24  For the reasons set forth herein, it is HEREBY ORDERED that:

25  1.    Plaintiff's motion for the appointment of counsel, filed June 18, 2009, is DENIED;
26  2.    Plaintiff's motion to stay the proceedings, filed June 18, 2009, is DENIED; and
27  ///
28  ///

3. The Clerk's Office is DIRECTED to fill out the four summonses and four USM-285 forms on Plaintiff's behalf, in accordance with the Court's order filed on May 27, 2009.

IT IS SO ORDERED.

**Dated:   September 10, 2009**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE