# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. BENYAMINI, | 1:06-cv-01096-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR DEFAULT JUDGMENT AS PREMATURE |
| v. | (Doc. 66.) |
| MANJUANO, et al., | |
| Defendants. | |

**I. BACKGROUND**

Robert P. Benyamini ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action now proceeds with the Third Amended Complaint filed on May 23, 2008, on Plaintiff's Eighth Amendment claims against defendants Manjuano, Wilcox, Wilkerson, and O'Grady ("Defendants"). On May 26, 2010, Plaintiff filed a motion for default judgment against Defendants. (Doc. 66.)

**II. MOTION FOR DEFAULT JUDGMENT**

Plaintiff argues that default judgment should be entered against Defendants because they have not been served or appropriately responded.

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. See Fed. R. Civ. P. 55(a).

1

1  Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer
2  within 20 days after being served with the summons and complaint; or if it has timely waived service
3  under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A).
4  Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver
5  of service. Fed R. Civ. P. 4(d).

6  Plaintiff has not submitted any evidence in support of his motion, and according to the
7  court's record, plaintiff's motion is premature. The court's record contains an entry dated May 21,
8  2010, showing that summonses were returned executed by the United States Marshal as to all four
9  Defendants in this action. (Doc. 65.) Defendants -- Deputy O'Grady, Debbie Manjuano, Deputy
10 Wilkerson, and Deputy Wilcox -- were all personally served by the Marshal on May 11, 2010. Id.
11 Therefore, pursuant to Rule 12(a), Defendants are required to serve an answer within 20 days after
12 May 11, 2010. Plaintiff filed his motion for default judgment before the 20-day time period had
13 expired. Therefore, plaintiff's motion is premature and shall be denied as such.

**III.  CONCLUSION**

Accordingly, plaintiff's motion for default judgment is DENIED as premature.

IT IS SO ORDERED.

Dated:  **June 1, 2010**               /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE