1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT P. BENYAMINI,                    1:06-cv-01096-AWI-GSA-PC

12                                            ORDER DENYING PLAINTIFF'S MOTION
                      Plaintiff,              FOR LEAVE TO AMEND THE COMPLAINT
13                                            (Doc. 72.)

14          v.

15    MANJUANO, et al.,

16                      Defendants.

17    _____/

18    **I.       RELEVANT PROCEDURAL HISTORY**

19          Robert P. Benyamini ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

20    action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on

21    August 21, 2006.  (Doc. 1.)  The Court screened the Complaint and issued an order on March 5,

22    2007, requiring Plaintiff to either file an amended complaint or notify the court that he was willing

23    to proceed on the claims found cognizable by the Court. (Doc. 9.) On August 8, 2007, Plaintiff filed

24    the First Amended Complaint.  (Doc. 16.)  The Court screened the First Amended Complaint and

25    issued an order on September 5, 2007, dismissing the First Amended Complaint with leave to

26    amend. (Doc. 17.)  On September 10, 2007, Plaintiff filed the Second Amended Complaint.  (Doc.

27    18.) On September 25, 2007, Plaintiff requested leave to file a third amended complaint. (Doc. 19.)

28    The Court granted Plaintiff's request, and Plaintiff filed the Third Amended Complaint on May 23,

                                                 1

2008. (Docs. 26, 35.) The Court screened the Third Amended Complaint and issued an order on July 1, 2008, requiring Plaintiff to either file a fourth amended complaint or notify the court that he was willing to proceed with the Third Amended Complaint on the claims found cognizable by the Court. (Doc. 36.) Plaintiff requested and was granted five extensions of time to file a fourth amended complaint but failed to do so. (Docs. 39, 41, 43, 47, 51.) On March 26, 2009, the Court notified Plaintiff that if he failed to file a fourth amended complaint within thirty days, this action would proceed with the Third Amended Complaint, on the claims found cognizable by the Court. (Doc. 51.) Plaintiff failed to timely file a fourth amended complaint, and the Court dismissed the non-cognizable claims from the Third Amended Complaint and issued an order on September 19, 2009, for the United States Marshal to initiate service of process. (Docs. 52, 58.) This action now proceeds with the Third Amended Complaint, on Plaintiff's Eighth Amendment claims against defendants Manjuano, Wilcox, Wilkerson, and O'Grady ("Defendants"). (Doc. 35.) On July 3, 2010, defendants Wilkerson, Wilcox, and O'Grady filed a Motion to Dismiss this action based on expiration of the statute of limitations. On August 4, 2010, Plaintiff filed a motion seeking leave to file a fourth amended complaint, and lodged a proposed fourth amended complaint. (Docs. 72, 73.) Defendants have not filed an opposition.

## II.    MOTION TO AMEND – RULE 15

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). In this case, Defendants filed a Motion to Dismiss on July 3, 2010, and Defendants have not consented to amendment. Therefore, Plaintiff may not amend the complaint without leave of court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed.R.Civ.P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id.

Plaintiff seeks leave to file a fourth amended complaint for the purpose of clarifying that he is suing Defendants in both their individual and official capacities.  Plaintiff asserts that he has learned he can only proceed against Defendants under the Americans with Disabilities Act ("ADA") in their individual capacities.

Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.  Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).  However, before discovery is complete, a proposed amendment is "futile" only if no set of facts can be proved under the amendment that would constitute a valid claim or defense.  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  Plaintiff's proposed fourth amended complaint is the same as Plaintiff's Third Amended Complaint with only two changes:  first, Plaintiff replaces defendant "Dep. Psch. Tech Jane Doe" with "Dep. Psch. Janedo" in the case caption, and second, Plaintiff adds language stating he is suing Defendants in their "[I]ndividual and official capacity."  (Proposed Amended Complaint, Doc. 73 at pp. 1, 3.)  Otherwise, Plaintiff's claims and allegations in the proposed amended complaint are identical to those in the Third Amended Complaint, word for word.  The Court already screened the Third Amended Complaint in 2008 and found it states cognizable claims only against defendants Manjuano, Wilcox, Wilkerson, and O'Grady for violation of the Eighth Amendment, and the Court specifically found that "[I]ndividual liability is precluded under Title II of the Americans with Disabilities Act, and Plaintiff may not pursue an ADA claim against the individual defendants named in the complaint."  (Doc. 36 at 6:14-16.)  Therefore, it is futile for Plaintiff to file the proposed amended complaint to enable him to proceed with the ADA claim.

It is also futile for Plaintiff to amend the complaint to clarify that he is proceeding against Defendants in their individual capacities.  Where a plaintiff is seeking damages against a state official, such as in the instant action, this "necessarily implies" a personal-capacity suit because an official-capacity suit would be barred under the Eleventh Amendment.  See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1990).  Because Plaintiff is already proceeding against Defendants in their individual capacities, it is futile for Plaintiff to amend the complaint to clarify this fact.

Based on the foregoing, the Court finds that no set of facts can be proved under Plaintiff's proposed amendment that would constitute any valid claim not already found in the operative Third Amended Complaint upon which this case now proceeds.  Therefore, Plaintiff's amendment is futile, and his motion to amend shall be denied.

**III.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to amend the complaint, filed on August 4, 2010, is DENIED.


IT IS SO ORDERED.

**Dated:    September 15, 2010**                    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE