# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

        Plaintiff,

   v.

MANJUANO, et al.,

        Defendant.

1:06-cv-01096-AWI-GSA-PC

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE DENIED
(Doc. 68.)

OBJECTIONS, IF ANY, DUE IN TWENTY DAYS

**I.  RELEVANT PROCEDURAL HISTORY**

Robert P. Benyamini ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 21, 2006. (Doc. 1.) This action now proceeds with the Third Amended Complaint, filed on May 3, 2008, on Plaintiff's Eighth Amendment claims for adverse conditions of confinement against defendants Manjuano, Wilcox, Wilkerson, and O'Grady. (Doc. 35.) On July 3, 2010, defendants Wilcox, Wilkerson, and O'Grady ("Defendants") filed a motion to dismiss this action based on the expiration of the statute of limitations. (Doc. 68.) On July 9, 2010, Plaintiff filed an opposition to the motion. (Doc. 69.) On July 13, 2010, Defendants filed a reply to Plaintiff's opposition. (Doc. 70.) Defendants' motion to dismiss is now before the Court.

**II.  SUMMARY OF THE THIRD AMENDED COMPLAINT**[1]

---

[1] This summary includes Plaintiff's claims in the Third Amended Complaint found cognizable by the Court on July 1, 2008, upon which this case now proceeds. (Doc. 36.)

1

The events at issue in this action allegedly occurred at the Modesto County Jail, where Plaintiff was housed at that time. Plaintiff suffers from extreme claustrophobia and was housed in a small cell in segregation for approximately five months, commencing on June 25, 2003. Plaintiff was not given a reason for the segregation and was not charged with or convicted of any disciplinary violations. Plaintiff alleges that his confinement in segregation caused him extreme physical and mental problems due to his claustrophobia, and that defendants Manjuano, Wilcox, Wilkerson, and O'Grady were aware of the situation but failed to take any action.

### III.   RULE 12(b)(6) MOTION TO DISMISS CASE AS TIME-BARRED BY STATUTE OF LIMITATIONS

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir.2006)). "'[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Von Saher, 592 F.3d at 969 (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir.1995)). "[W]here the issue of limitations requires determination of when a claim begins to accrue, the complaint should be dismissed only if the evidence is so clear that there is no genuine factual issue and the determination can be made as a matter of law." Sisseton-Wahpeton Sioux Tribe v. United States, 895 F.2d 588, 591 (9th Cir. 1990); In re Swine Flu Prod. Liab. Litig., 764 F.2d 637, 638 (9th Cir.1985); Lundy v. Union Carbide Corp., 695 F.2d 394, 397-98 (9th Cir.1982).

### IV.   DISCUSSION

Defendants argue that this action against them should be dismissed because Plaintiff's claims are barred by the statute of limitations under section 335.1 of the California Code of Civil Procedure. Defendants argue that the applicable statute of limitations for personal injury actions was two years when Plaintiff's action accrued against them in late 2003. Defendants argue that because Plaintiff's complaint against them was filed on August 21, 2006, nearly three years after

1 the fact, the entire action against them is time-barred.

2 In opposition, Plaintiff argues that his lawsuit was not filed after the expiration of the statute of limitations, because the statute of limitations for a person in prison with a determinate term is four years, two years initially under § 335.1, and two years tolled under § 352.1. Plaintiff asserts that he has been in prison every day since the occurrence of the events at issue in this action.

In reply, Defendants concede that it appears Plaintiff can avoid the statute of limitations based upon the tolling issue, and Defendants request that the Court either grant their motion to dismiss with leave to amend or, in the alternative, deny the motion.

### A.   Statute of Limitations

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitation, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended from one year to two years effective January 1, 2003. The two-year statute of limitations does not apply retroactively to claims that accrued prior to January 1, 2003. Cal. Civ. Proc. Code § 335.1 (West 2007); Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

Defendants argue that this action is barred by § 335.1 because Plaintiff's original complaint was filed more than two years after the events in question. Defendants assert that the original complaint was filed on August 21, 2006, and according to Plaintiff's original complaint and subsequent amended complaints, the time period in question was during 2003. The original complaint alleges, "from a time period of June 25, 2003, thrue [sic] a six month time span I was segregated in a tight cell with no windows," and the balance of the factual allegations all occurred within the 2003 time frame. (Cmp., Doc. 1 at ¶IV.) The Third Amended Complaint, which was served on defendants, repeats these factual allegations, as follows: "From a time

period of June 25, 03, thrue [*sic*] over a five month span I was segregated in a tight cell." (Third Amended Cmp., Doc. 35 at ¶IV.)

Assuming that Defendants' argument is correct, and Plaintiff's action against him accrued, at the latest, on the last day of 2003, the two-year statute of limitations applies to Plaintiff's action. Under this assumption, if Plaintiff knew or had reason to know of his injury on December 31, 2003, Plaintiff had two years, until December 31, 2005, to file suit, subject to any applicable tolling provisions, discussed below.

### B. Tolling – Disability of Imprisonment

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. Jones v. Blanas, 393 F.3d 918, 927 (2004). Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction enjoy a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1 (West 2007). Assuming § 352.1 applies to Plaintiff, Plaintiff had until at least December 31, 2007, to file suit. Other applicable tolling provisions may also apply, extending the deadline for Plaintiff to file suit. Under this analysis, Plaintiff's suit is not time-barred. Defendants have not presented evidence supporting a different conclusion. Therefore, the Court cannot find that Defendants are entitled to dismissal of this case based on the expiration of the statute of limitations.

### E. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed on June 3, 2010, be DENIED.

The Court further ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within TWENTY (20) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to

1  Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served
2  and filed within TEN (10) court days (plus three days if served by mail) after service of the
3  Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
4  § 636 (b)(1)©. The parties are advised that failure to file Objections within the specified time
5  may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153
6  (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 16, 2010**              /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE