UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT P. BENYAMINI, | ) | 1:06-cv-01096-AWI-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR BAIL, FOR A WORD |
| vs. | ) | PROCESSOR, AND FOR MAGISTRATE |
| | ) | JUDGE GARY S. AUSTIN TO RECUSE |
| MANJUANO, et al., | ) | HIMSELF FROM THIS ACTION |
| | ) | (Doc. 84.) |
| Defendants. | ) | |
| | ) | |

**I.  BACKGROUND**

Robert P. Benyamini ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On January 12, 2011, Plaintiff filed a Motion for Bail in which he also requested other relief.  (Doc. 84.)

**II.  PLAINTIFF'S MOTION**

*__Motion to be Released on Bail__*

Plaintiff requests that he be released on bail pending the disposition of this action.  Plaintiff contends that he is innocent of the charges for which he was convicted, and his habeas corpus petition should have been granted, releasing him in August 2006.  Plaintiff also maintains that he suffers from claustrophobia and would be able to litigate this action more efficiently if released.

1

1    This action is a civil rights action filed under 42 U.S.C. § 1983.  There is no provision for
2 Plaintiff's release on bail in this action based on his assertion of innocence in his criminal action, or on
3 his claustrophobia.  Therefore, Plaintiff's motion to be released on bail shall be denied.

4    ***Motion for Magistrate to Recuse Himself***

5    Plaintiff also brings a motion for Magistrate Judge Gary S. Austin ("Magistrate") to recuse
6 himself from this action.  A judge must disqualify him or herself where there is bias or prejudice for or
7 against a party. Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045-46 (9th Cir. 1988) (citing 28 U.S.C. §§
8 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct. 2535, 110 L.Ed.2d 492 (1990).  The bias must arise
9 from an extra-judicial source and cannot be based solely on information gained in the course of the
10 proceedings. Id. at 1046; In re Corey, 892 F.2d 829, 839 (9th Cir. 1989).  A judge's rulings while
11 presiding over a case do not constitute extra-judicial conduct. Nilsson, et al., v. Louisiana Hydrolec, 854
12 F.2d 1538, 1548 (9th Cir. 1988).  " 'Judicial rulings alone almost never constitute a valid basis for a bias
13 or partiality motion.' " In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir.2004) (quoting Liteky v.
14 United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)). " 'In and of themselves ..,
15 they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances
16 evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.'
17 " Id.  Under 28 U.S.C. § 144, "[W]henever a party to any proceeding in a district court makes and files
18 a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or
19 prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein,
20 but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

21    Plaintiff argues that the Magistrate should recuse himself because the Magistrate denied
22 Plaintiff's prior petition for writ of habeas corpus, and because Plaintiff requested the Magistrate's
23 recusal in a similar § 1983 action.  Plaintiff has not filed an affidavit that the Magistrate has a personal
24 bias or prejudice against him or in favor of any adverse party, arising from an extra-judicial source.  The
25 Magistrate's judicial rulings in Plaintiff's other cases do not constitute extra-judicial conduct.
26 Therefore, Plaintiff's motion for the Magistrate to recuse himself shall be denied.

27 ///

28

*Motion for Access to a Word Processor*

Plaintiff requests a court order directing the prison to provide him access to a word processor to assist with preparation of documents.  The Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970). Accordingly, the Court shall defer to the prison's policies and practices in granting access to word processors.[1]  Plaintiff is advised to follow procedures at the prison to make a request.  Therefore, Plaintiff's motion for a court order directing the prison to provide him access to a wordprocessor shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to be released on bail is DENIED;
2. Plaintiff's motion for Magistrate Judge Gary S. Austin to recuse himself is DENIED; and
3. Plaintiff's motion for a court order directing the prison to provide him access to a word processor is DENIED.

IT IS SO ORDERED.

Dated:   **May 24, 2011**          _____/s/ Gary S. Austin_____
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] Moreover, based on a review of the docket for this case, the Court does not find that Plaintiff is unable to articulate his claims without the use of a word processor.

3