# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | 1:06-cv-01096-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT DEBBIE MANDUJANO BE DENIED |
| v. | |
| MANJUANO, et al., | |
| Defendants. | (Doc. 83; Also Resolves Docs. 92, 94, 95.) |
| | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

## I. BACKGROUND

Robert Benyamini ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action now proceeds with the Third Amended Complaint, filed on May 23, 2008, on Plaintiff's Eighth Amendment claims for adverse conditions of confinement against defendants Debbie Mandujano,[1] Deputy Wilcox, Deputy Wilkerson, and Deputy O'Grady.[2] (Doc. 35.) On January 5, 2011, Plaintiff filed a request for entry of default against defendant Debbie Mandujano ("Defendant"). (Doc. 83.)

---

[1] Plaintiff identified this defendant in the Third Amended Complaint as Debbie Manjuano. (Doc. 35.) However, in the Answer to the complaint, Defendant spelled her name Debbie Mandujano. (Doc. 79.) The Court uses Defendant's spelling herein.

[2] On May 26, 2009, the Court dismissed all other claims and defendants from this action based on Plaintiff's failure to state a claim. (Doc. 52.)

1

## II.   REQUEST FOR ENTRY OF DEFAULT

Plaintiff argues that default should be entered against Defendant Debbie Mandujano because Defendant failed to file a response to the complaint within twenty-one days of the date Defendant was served with process, and because Plaintiff's case has merit.

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d).

## III.   DISCUSSION

On September 17, 2009, the Court directed the United States Marshal to serve process upon the defendants in this action. (Doc. 58.) On May 21, 2010, the United States Marshal filed a return of service executed upon Defendant Debbie Mandujano, indicating that Defendant had been personally served with a summons and a copy of the complaint on May 11, 2010. (Doc. 65.) On December 16, 2010, Defendant filed an Answer to the complaint. (Doc. 79.)

No default can be entered if defendant has filed a response indicating its *intent to defend* the action. Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 689 (9th Cir. 1988) (emphasis added). Even a *late-filed* responsive pleading (filed after expiration of the time allowed by Fed. R. Civ. P. 12(a)) prevents entry of default. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1317 (11th Cir. 2002) (emphasis added). Defendant Debbie Mandujano failed to file a response to the complaint within twenty-one days after being served with the summons and complaint. However, because Defendant filed an Answer to the complaint on December 16, 2010, no default can be entered. Even though Defendant's Answer was filed late, it prevents entry of default because it indicates Defendant's

///

intent to defend this action. Whether Plaintiff's case has merit is not a basis for entry of default. Therefore, Plaintiff's request for entry of default should be denied.

### IV.     CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's request for entry of default against Defendant Debbie Mandujano, filed on January 5, 2011, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 24, 2011**                          /s/ **Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE