UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, <br><br> Plaintiff, <br><br> vs. <br><br> DEBBIE MANJUANO, et al., <br><br> Defendants. | 1:06-cv-01096-AWI-GSA-PC <br><br> ORDER DENYING MOTION TO APPOINT COUNSEL AND TO STAY PROCEEDINGS <br> (Doc. 98.) <br><br> ORDER GRANTING EXTENSION OF TIME TO FILE OBJECTIONS <br><br> SIXTY DAY DEADLINE |

**I.    BACKGROUND**

Robert Benyamini ("plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint on August 21, 2006. (Doc. 1.) Pending before the Court is plaintiff's motion for appointment of counsel, to stay these proceedings, and for an extension of time to file objections to the findings and recommendations. (Doc. 98.)

**II.   MOTION FOR COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional

1

circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id. Therefore, Plaintiff's motion for counsel is denied.

## II.    MOTION TO STAY PROCEEDINGS

Plaintiff seeks a stay of the proceedings in this action on the ground that he is presently housed in administrative segregation and does not have access to his property or the law library, suffers from claustrophobia, and takes medication which makes him drowsy and incompetent.

The Court does not lightly stay litigation, due to the possibility of prejudice to defendants. Plaintiff's only pending deadline in this action is to file objections to the Magistrate's findings and recommendations of May 24, 2011. Although the court recognizes that Plaintiff is challenged by his disabilities and prison conditions, Plaintiff's remedy is not soley a stay of this action. In the alternative, good cause appearing, Plaintiff shall be granted additional time to meet his pending case deadline to file objections. Therefore, Plaintiff's motion for stay is denied.

///

///

///

### III.   MOTION FOR EXTENSION OF TIME

Plaintiff requests an extension of time in which to file objections to the Magistrate's findings and recommendations of May 24, 2011.  Good cause appearing, Plaintiff shall be granted a sixty-day extension of time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED;
2. Plaintiff's motion to stay this action is DENIED;
3. Plaintiff is GRANTED an extension of time until sixty days from the date of service of this order in which to file objections to the Magistrate's findings and recommendations of May 24, 2011.

IT IS SO ORDERED.

Dated:   **June 14, 2011**              /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

3