UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | 1:06-cv-01096-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED |
| v. | |
| MANJUANO, et al., | (Doc. 98.) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.      BACKGROUND**

Plaintiff, Robert Benyamini ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original complaint on August 21, 2006.  (Doc. 1.)  This action now proceeds with the Third Amended Complaint, filed on May 23, 2008, on Plaintiff's Eighth Amendment claims for adverse conditions of confinement, against defendants Debbie Mandujano,[1] Deputy Wilcox, Deputy Wilkerson, and Deputy O'Grady.[2]  (Doc. 35.)  Plaintiff is presently incarcerated at the California State Prison-Sacramento ("CSP-SAC").

---

[1] Plaintiff identified this defendant in the Third Amended Complaint as Debbie Manjuano. (Doc. 35.) However, in the Answer to the complaint, Defendant spelled her name Debbie Mandujano. (Doc. 79.) The Court uses Defendant's spelling herein.

[2] On May 26, 2009, the Court dismissed all other claims and defendants from this action based on Plaintiff's failure to state a claim. (Doc. 52.)

1

On June 10, 2011, Plaintiff filed a motion for a preliminary injunction via a court order directing prison officials at CSP-SAC to accommodate his disabilities, to allow him to use a research computer, to provide pre-stamped envelopes to inmates housed in administrative segregation ("Ad-Seg"), to allow inmates in Ad-Seg one phone call to family members, and to compel the California Department of Corrections and Rehabilitation to provide him with free copies from his C-file. (Doc. 98.) Plaintiff's motion for preliminary injunction is now before the Court.

## II. PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has requested a court order directing prison officials at CSP-SAC to act. However, the order requested by Plaintiff would not remedy any of the claims upon which this action proceeds. This action is proceeding against defendants for subjecting Plaintiff to adverse conditions of confinement at the Modesto County Jail in 2003. Plaintiff now requests a court order directing

prison officials at CSP-SAC to modify Plaintiff's present conditions of confinement.  Because such an order would not remedy any of the claims upon which this action proceeds, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

### III.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunction, filed June 10, 2011, be DENIED.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, the parties may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 14, 2011**                       /s/ **Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE