1
2
3
4
5
6
7
8                                    UNITED STATES DISTRICT COURT

9                                    EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT BENYAMINI,                )         1:06-cv-01096-AWI-GSA-PC
                                       )
12          Plaintiff,                 )         ORDER DENYING MOTION TO APPOINT
                                       )         COUNSEL, TO STAY PROCEEDINGS, TO
13          vs.                        )         REQUIRE PRISON TO ACCOMMODATE
                                       )         PLAINTIFF'S CLAUSTROPHOBIA AND
14   DEBBIE MANJUANO, et al.,          )         PROVIDE ENVELOPES, ACCESS TO LAW
                                       )         LIBRARY, TRUTH SERUM AND POLYGRAPH
15          Defendants.                )         TEST, AND FOR COURT TO PROVIDE FREE
                                       )         COPIES
16                                     )         (Docs. 101, 102.)
                                       )
17                                     )         ORDER GRANTING EXTENSION OF TIME TO
                                       )         FILE OBJECTIONS TO FINDINGS AND
18                                     )         RECOMMENDATIONS OF MAY 24, 2011
                                       )         (Doc. 97.)
19                                     )
                                       )         THIRTY DAY DEADLINE
20   _____)

21   I.     BACKGROUND

22          Robert Benyamini ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this

23   civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original Complaint on August 21,

24   2006, and this action now proceeds on the Third Amended Complaint filed on May 23, 2008.  (Docs.

25   1, 35.)  Pending before the Court is Plaintiff's motion for appointment of counsel, to stay these

26   proceedings, for an extension of time, for the prison to accommodate Plaintiff's claustrophobia and

27   provide Plaintiff with truth serum and a polygraph test, for the prison to provide Plaintiff and other

28                                                   1

1   inmates with postage-paid envelopes, and for free copies of documents from the court's record . (Docs.
2   101, 102.)

3   **II.     MOTION FOR COUNSEL**

4         Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v.</u>
5   <u>Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent
6   plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern</u>
7   <u>District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional
8   circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).
9   <u>Rand</u>, 113 F.3d at 1525.

10        Without a reasonable method of securing and compensating counsel, the court will seek
11   volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional
12   circumstances exist, the district court  must evaluate both the likelihood of success of the merits [and]
13   the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues
14   involved." <u>Id</u>. (internal quotation marks and citations omitted).

15        In the present case, the Court does not find the required exceptional circumstances.  Even if it
16   is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which,
17   if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases
18   almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that
19   Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court
20   does not find that Plaintiff cannot adequately articulate his claims.  <u>Id</u>.  Therefore, Plaintiff's motion for
21   counsel shall be denied.

22   **III.    MOTION TO STAY PROCEEDINGS**

23        Plaintiff seeks a stay of the proceedings in this action on the ground that he is presently housed
24   in administrative segregation, suffers from claustrophobia, and does not have access to his property or
25   the law library.

26        The Court does not lightly stay litigation, due to the possibility of prejudice to defendants.
27   Plaintiff's only pending deadline in this action is to file objections to the Magistrate's findings and
28

2

1   recommendations of May 24, 2011.  Although the court recognizes that Plaintiff is challenged by his

2   disabilities and prison conditions, this action has been pending since August 21, 2006, and an extended

3   delay shall not be granted without good cause.  In the alternative, Plaintiff shall be granted additional

4   time to meet his pending case deadline to file objections.  Therefore, Plaintiff's motion for stay shall be

5   denied.

6   **IV.   MOTION FOR PRISON TO ACCOMMODATE PLAINTIFF'S CLAUSTROPHOBIA**
        **AND PROVIDE HIM WITH ACCESS TO LAW LIBRARY, TRUTH SERUM,**

7       **POLYGRAPH TEST, AND POSTAGE-PAID ENVELOPES**

8        Plaintiff requests a court order compelling prison officials to accommodate his claustrophobia,

9   provide him with access to the law library, truth serum, and a polygraph test, and provide him and other

10  inmates with postage-paid envelopes.

11       With respect to accommodation for Plaintiff's claustrophobia, and Plaintiff's request for

12  envelopes, the Court addressed these issues in the Findings and Recommendations entered on June 15,

13  2011, to which Plaintiff filed timely objections on July 13, 2011.  (Docs. 100, 103.)  Therefore, these

14  requests shall be denied as duplicative.

15       With respect to Plaintiff's request for a court order requiring the prison to provide him with

16  access to the law library, truth serum, and a polygraph test, the Court recognizes that prison

17  administrators "should be accorded wide-ranging deference in the adoption and execution of policies and

18  practices that in their judgment are needed to preserve internal order and discipline and to maintain

19  institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441

20  U.S. 520, 547 (1970).  Moreover, Plaintiff has not shown that his requests for truth serum and a

21  polygraph are related in any way to the allegations in this case.  Therefore, Plaintiff's requests for access

22  to the law library, truth serum, and a polygraph test shall be denied.

23  **V.   MOTION FOR FREE COPIES**

24       Plaintiff requests free copies of his amended complaints and all of the motions filed in this

25  action.  The Clerk does not ordinarily provide free copies of documents to parties.  The Clerk charges

26  $.50 per page for copies of documents.  See 28 U.S.C.  § 1914(a).  Copies up to 20 pages may be made

27  by the Clerk's office at this Court upon request and prepayment of the copy fees.  The fact that the Court

28
                                                   3

has granted leave for Plaintiff to proceed in forma pauperis does not entitle him to free copies of documents from the court's record.  The Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge. 28 U.S.C. § 2250.  Plaintiff has not shown good cause for the Court to order the Clerk to provide him with extensive free copy

work.  Plaintiff's only current

deadline in this action is to file objections to the findings and recommendations, and Plaintiff does not need the copies requested to file objections.  Therefore, Plaintiff's request for free copies shall be denied.

## VI.  MOTION FOR EXTENSION OF TIME

Plaintiff requests extensions of time to comply with all of his pending deadlines.  The only deadline currently pending in this action is for Plaintiff to file objections to the Magistrate's findings and recommendations of May 24, 2011.  Good cause appearing, Plaintiff shall be granted a thirty-day extension of time to file objections.  Should Plaintiff require another extension, he must file a motion before the expiration of the current deadline.  Fed. R. Civ. P. 6(b).

## VII.  CONCLUSION

Accordingly,  IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for appointment of counsel is DENIED;

2.  Plaintiff's motion to stay this action is DENIED;

3.  Plaintiff's motion for a court order requiring prison officials to provide him and other inmates with postage-paid envelopes, and to accommodate his claustrophobia, is DENIED as duplicative;

4.  Plaintiff's motion for a court order requiring prison officials to provide him with access to the law library, truth serum, and a polygraph test is DENIED;

5.  Plaintiff's request for free copies from the court's record is DENIED;

6.  Plaintiff is GRANTED an extension of time until thirty days from the date of service of this order in which to file objections to the Magistrate's findings and recommendations of May 24, 2011;

7.  Should Plaintiff require a further extension of time, he must file a motion before the

4

expiration of the current deadline; and

8.      **Further extensions of time shall not be granted without a showing of good cause.**

IT IS SO ORDERED.

**Dated:**   **July 25, 2011**                    _____/s/ **Gary S. Austin**_____
                                                UNITED STATES MAGISTRATE JUDGE

5