**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | 1:06-cv-01096-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, WITHOUT PREJUDICE |
| v. | (Doc. 109.) |
| DEBBIE MANJUANO, et al., | THIRTY DAY DEADLINE TO FILE REQUEST FOR SUBPOENA |
| Defendants. | |

**I.   BACKGROUND**

Robert Benyamini ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on August 21, 2006.  (Doc. 1.)  This action now proceeds with the Third Amended Complaint, filed on May 23, 2008, on Plaintiff's Eighth Amendment claims for adverse conditions of confinement, against defendants Debbie Mandujano,[1] Deputy Wilcox, Deputy Wilkerson, and Deputy O'Grady.[2]  (Doc. 35.)  Plaintiff is presently incarcerated at the California State Prison-Sacramento ("CSP-SAC").

---

[1] Plaintiff identified this defendant in the Third Amended Complaint as Debbie Manjuano. (Doc. 35.) However, in the Answer to the complaint, this defendant spelled her name Debbie Mandujano. (Doc. 79.) The Court uses the defendant's spelling herein.

[2] On May 26, 2009, the Court dismissed all other claims and defendants from this action based on Plaintiff's failure to state a claim. (Doc. 52.)

1

This case is presently in the discovery phase. On August 11, 2011, Plaintiff filed a motion to compel production of documents. (Doc. 109.)

## II.     MOTION TO COMPEL

Plaintiff brings a motion for the Court to compel the Stanislaus County Sheriff's Department ("Sheriff's Department") to produce "all documents pertaining to [Plaintiff] dating from August 15, 2002 up to January 22, 2004[, including] all grievance forms and any similar documents." (Motion, Doc. 109.)

### Federal Rules of Civil Procedure 26(b), 34(b)(2), 37(a), and 45

Under Rule 26(b) of the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Rule 34(b)(2) provides, with respect to the production of documents:

> **(2)     *Responses and Objections.***
>
> **(A)     *Time to Respond*.** The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.
>
> **(B)     *Responding to Each Item*.** For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

Fed. R. Civ. P. 34(b)(2).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Rule 37(a)(3)(B) empowers a propounding party to bring a motion "for an order compelling an answer, designation, production, or inspection . . . if a party fails to answer an

1  interrogatory submitted under Rule 33; or if a party fails to respond that inspection will be
2  permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P.
3  37(a)(3)(B)(iii),(iv).

4  Under Rule 45, any party may serve a subpoena commanding a non-party "to attend and
5  testify; produce designated documents, electronically stored information, or tangible things in
6  that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ.
7  P. 45(a)(1). "The issuing court may hold in contempt a person who, having been served, fails
8  without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e).

9  **III.   DISCUSSION**

10  Plaintiff seeks a court order compelling the Sheriff's Department to produce documents.
11  Because the Sheriff's Department is not a party to this action, Plaintiff must proceed under Rule
12  45. Plaintiff has not indicated whether he has already made a request to the Sheriff's Department
13  for the documents he seeks. The Court shall not compel disclosure without evidence that
14  Plaintiff has made a proper request under the Federal Rules, and evidence that the Sheriff's
15  Department has failed to respond or has provided evasive or incomplete responses.

16  In the event that Plaintiff wishes the Court to issue a subpoena directing the Sheriff's
17  Department to produce documents, Plaintiff must submit a new written request for the Court's
18  consideration. Plaintiff must work within the discovery deadline and should submit such request
19  as soon as possible. A subpoena duces tecum orders a witness to appear and to bring specified
20  documents, records, or things.[3] A person not a party to the action may be compelled to produce
21  documents and things or to submit to an inspection as provided in Rule 45. Fed. R. Civ. P. 34(c).

22  Under some circumstances, the issuance of a subpoena may impose an undue burden or
23  expense. See Fed. R. Civ. P. 45(c)(1). A party responsible for the issuance and service of a
24  subpoena has a duty to avoid imposing undue burden or expenses on a person subject to a
25  subpoena, and the court is required to enforce this duty. Id. If a subpoena fails to allow
26  reasonable time for compliance, or if a subpoena requires a person who is not a party to incur

27

28  [3] Black's Law Dictionary, Eighth Edition.

3

1   substantial expense or to travel more than one hundred miles from his residence, the court may
2   be required to quash or modify the subpoena. Fed. R. Civ. P. 45(c)(3).
3         In cases where one party is incarcerated and proceeds in pro per, there are inherent
4   problems with the issuance of a subpoena duces tecum. For example, the plaintiff may be
5   incarcerated in one jurisdiction and the documents housed in another. A prisoner may be
6   transferred from one facility to another during discovery without advance notice. To avoid
7   imposing undue burden or expense, the Court shall require additional information from Plaintiff
8   before sending him a subpoena. Should Plaintiff wish to proceed, he must submit a written
9   request which specifies exactly which documents he is seeking and from whom. The request
10  must be specific enough to determine what Plaintiff seeks. The request cannot be a broadly
11  stated request that amounts to a fishing expedition.
12        Based on the foregoing, Plaintiff's pending motion to compel shall be denied, with leave
13  to submit a new written request for the Court's consideration. The request must be submitted
14  within thirty days from the date of service of this order and must articulate which documents are
15  sought from which non-party witnesses. Plaintiff is reminded that he must work within the
16  discovery deadline and should submit such request as soon as possible.
17        Accordingly, IT IS HEREBY ORDERED that:
18  1.    Plaintiff's motion to compel, filed on August 11, 2011, is DENIED, without
19        prejudice;
20  2.    Should Plaintiff wish to proceed with a subpoena, he must submit a new written
21        request for issuance of a subpoena, with information as specified in this order,
22        within thirty days from the date of service of this order; and
23  3.    Failure to comply with this order may result in a recommendation that this action
24        be dismissed.

IT IS SO ORDERED.

Dated:   **August 22, 2011**                    **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE