# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | 1:06-cv-01096-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | (Doc. 118.) |
| DEBBIE MANJUANO, et al., | |
| Defendants. | |

**I.    BACKGROUND**

Robert Benyamini ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 21, 2006. (Doc. 1.) This action now proceeds with the Third Amended Complaint, filed on May 23, 2008, on Plaintiff's Eighth Amendment claims for adverse conditions of confinement, against defendants Debbie Mandujano,[1] Deputy Wilcox, Deputy Wilkerson, and Deputy O'Grady.[2] (Doc. 35.) Plaintiff is presently incarcerated at the Sierra Conservation Center in Jamestown, California.

---

[1] Plaintiff identified this defendant in the Third Amended Complaint as Debbie Manjuano. (Doc. 35.) However, in the Answer to the complaint, this defendant spelled her name Debbie Mandujano. (Doc. 79.) The Court uses the defendant's spelling herein.

[2] On May 26, 2009, the Court dismissed all other claims and defendants from this action based on Plaintiff's failure to state a claim. (Doc. 52.)

1

1    This case is presently in the discovery phase.  On September 6, 2011, Plaintiff filed a motion to compel production of documents.  (Doc. 118.)

**II.    PLAINTIFF'S MOTION**

Under Rule 45, any party may serve a subpoena commanding a non-party "to attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises."  Fed. R. Civ. P. 45(a)(1).

Plaintiff renews his motion for the Court to compel the Stanislaus County Sheriff's Department ("Sheriff's Department") to produce copies of grievances he filed.[3]  Plaintiff seeks copies of "all grievance forms filed [by Plaintiff] from the date of June 2003 through January 22, 2004."  (Doc. 118 at 1:5-6.)  Plaintiff asserts that he has made more than one request to the Sheriff's Department for the "information in question," without success.  (Doc. 118 at ¶1)  Plaintiff submits as evidence a written response from the Sheriff's Department dated July 14, 2011, stating, "Mr. Benyamini, I have received your request and all files have been purged after three years per policy."  (Exhibit to Doc. 118 at 2.)  Plaintiff requests the Court to compel the Sheriff's Department to "un purge" his case file and produce copies of the documents requested. (Doc. 18 at 1:4-5.)

After considering Plaintiff's evidence, the Court concludes that the Sheriff's Department cannot produce the documents requested by Plaintiff.  In the context of the response received by Plaintiff, "purging of files after three years per policy" would indicate that the files have been disposed of, no longer exist, and therefore cannot be "un-purged."  Thus, if the requested documents are no longer in the Sheriff's Department's "possession, custody, or control," then production cannot be compelled by subpoena.  A party, or non-party, cannot be compelled to produce documents that no longer exist.  Therefore, Plaintiff's motion to compel shall be denied.

---

[3]On August 11, 2011, Plaintiff brought a motion to compel the Stanislaus County Sheriff's Department to produce copies of grievance forms, "and any similar documents," pertaining to Plaintiff, dating from August 15, 2002 to January 22, 2004.  (Doc. 109.)  On August 22, 2011, the Court issued an order denying the motion to compel, with leave to submit a written request for issuance of a subpoena, providing pertinent information, within thirty days.  (Doc. 113.)

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel, filed on September 6, 2011, is DENIED.


IT IS SO ORDERED.

Dated: **September 22, 2011**                              **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE