UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT P. BENYAMINI, | ) | 1:06-cv-01096-AWI-GSA-PC |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| v. | ) | RECONSIDERATION AND MOTION FOR APPOINTMENT OF COUNSEL |
| | ) | (Docs. 130, 137.) |
| MANJUANO, et al., | ) | |
| Defendants. | ) | |

On October 3, 2011, Plaintiff filed objections to the Court's order denying him appointment of counsel. (Doc. 130.) The Court treats Plaintiff's objections as a motion for reconsideration. On October 13, 2011, Plaintiff again requested appointment of counsel. (Doc. 137.)

**I.   MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or

1

different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues that he meets the special circumstances required for counsel to be appointed. He suffers from severe claustrophobia and is forced to take psychotropic medication that incapacitates him. He is limited in his knowledge of the law and has sought counsel multiple times, without success. He argues that his rights to due process are violated if he cannot proceed with counsel. Plaintiff contends that he is proceeding at a "key part of his litigation," defending his case against defendant's motion for summary judgment. (Doc. 130 ¶3.) He asserts that defendants' litigation tactics are "baffling" to him. (Id. ¶4.) He lacks adequate access to the law library, which is the only place he can read and plan his litigation, due to his claustrophobia. He suffers from retaliation, is often in Ad-Seg without any access to the law library, and lacks adequate access to his property, making it difficult to meet court deadlines. Plaintiff also asserts that he is limited in his ability to conduct discovery.

Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

**II.   MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff entire motion consists of this request: "I also ask the courts for counsel." (Doc. 137 at 2:13-14.)  As such, Plaintiff offers no argument for the Court's consideration. Therefore, the motion must be denied.

///

2

III. **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for reconsideration is DENIED; and
2. Plaintiff's motion for counsel is DENIED.

IT IS SO ORDERED.

Dated:   October 17, 2011                    /s/ Gary S. Austin
                                             UNITED STATES MAGISTRATE JUDGE