1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT BENYAMINI, | ) | 1:06-cv-01096-AWI-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR TRANSFER |
| | ) | (Doc. 131.) |
| vs. | ) | |
| | ) | ORDER DENYING MOTION FOR STAY |
| DEBBIE MANJUANO, et al., | ) | BASED ON PRISON CONDITIONS AND |
| | ) | PLAINTIFF'S MEDICAL CONDITION |
| | ) | (Docs. 131, 137.) |
| Defendants. | ) | |
| | ) | ORDER GRANTING IN PART MOTION FOR |
| | ) | STAY PENDING APPEAL |
| | ) | (Doc. 138.) |
| | ) | |
| | ) | ORDER STAYING CASE AGAINST |
| | ) | DEFENDANT MANDUJANO, PENDING |
| | ) | APPEAL |
| | ) | |
| | ) | ORDER VACATING DEFENDANT |
| | ) | MANDUJANO'S MOTION FOR SUMMARY |
| | ) | JUDGMENT FROM COURT CALENDAR, |
| | ) | PENDING APPEAL |
| | ) | (Doc. 106.) |
|_____| ) | |

**I.     BACKGROUND**

   Robert Benyamini ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original Complaint on August 21, 2006, and this action now proceeds on the Third Amended Complaint filed on May 23, 2008,

1

against defendants Mandujano,[1] Wilcox, Wilkerson, and O'Grady, on Plaintiff's Eighth Amendment claims for adverse conditions of confinement (Docs. 1, 35.) On October 7, 2011, Plaintiff filed an "emergency" motion for stay of this action and a request to be transferred to another prison. (Doc. 131.) On October 13, 2011, Plaintiff filed two additional motions for stay of this action. (Docs. 137, 138.)

## II.  MOTION FOR TRANSFER

Plaintiff requests to be transferred to another prison because he is being retaliated against by officers employed at CSP-SAC where he is currently incarcerated. The Court lacks jurisdiction to issue an order requiring prison officials to transfer him based on retaliatory acts occurring after this action was filed, because the Court does not have such a case or controversy before it in this action. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). Therefore, Plaintiff's motion for transfer shall be denied.

## III.  MOTION FOR STAY BASED ON PRISON CONDITIONS AND PLAINTIFF'S MEDICAL CONDITION

Plaintiff requests an "emergency" stay of this action because he is presently detained in administrative segregation ("Ad-Seg") without access to all of his legal property, and he has three deadlines pending in this case. Plaintiff was moved to Ad-Seg based on the prison's claim that confidential information was received accusing Plaintiff of assaulting his cell mate. Plaintiff claims he did not assault his cell mate, and his detention in Ad-Seg is a retaliatory action for filing a Form 602 grievance against Sgt. B. Jones. On October 7, 2011, Plaintiff was given access to his legal property, but many of the documents were missing, including those needed to litigate this action. Plaintiff also requests a stay because he has claustrophobia, which prevents him from using the law

---

[1] In the Third Amended Complaint, Plaintiff spelled this defendants last name as Manjuano. (Doc. 35.) Defendant spells her last name as Mandujano. (Doc. 79.) The Court uses defendant's spelling. However, the case title assigned at case opening shall not be changed.

2

library, and he is on forced medication for psychological disorders, which incapacitates him.

Plaintiff's motion for stay based on prison conditions and Plaintiff's medical condition shall be denied. Plaintiff has brought numerous motions for stay in this action and has been advised that the Court does not lightly stay litigation, due to the possibility of prejudice to defendants. Plaintiff's only remedy for the conditions he describes is not a stay of this entire action. **If Plaintiff requires additional time to meet deadlines in his action, he should file a motion for extension of time, not a motion for stay.** Plaintiff has not shown good cause for the Court to stay this action based on the conditions Plaintiff describes. Therefore, Plaintiff's motion for stay based on prison conditions and his medical condition shall be denied.

### IV.   MOTION FOR STAY PENDING APPEAL

Plaintiff also requests a stay of this action pending resolution of the appeal he filed on October 11, 2011. Under Rule 8 of the Federal Rules of Appellate Procedure, a party may bring a motion in the district court for stay of a judgment or order of the district court pending appeal. Fed. R. App. P. 8(a)(1)(A). On October 11, 2011, Plaintiff appealed the district court's order denying his motion for entry of default against defendant Debbie Mandujano. (Doc. 132.) Plaintiff argues that this action should be stayed pending the appeal, because a decision in Plaintiff's favor will resolve the litigation against defendant Mandujano.

Now pending in this action is defendant Mandujano's motion for summary judgment, filed on August 30, 2011. (Doc. 106.) Pursuant to the Court's order entered on September 22, 2011, Plaintiff's opposition to the motion is due on or before October 25, 2011. (Doc. 125.) Plaintiff has shown good cause for the Court to stay this case against defendant Mandujano, pending resolution of Plaintiff's appeal. However, Plaintiff has not shown good cause to stay the case against defendants Wilcox, O'Grady, or Wilkerson.[2] Accordingly, the Court shall stay the case against defendant Mandujano, vacating defendant Mandujano's motion for summary judgment from the Court's calendar, pending the resolution of Plaintiff's appeal. Plaintiff shall be excused from filing an

---

[2] This finding is based in part on the fact that defendant Mandujano is represented by separate counsel.

3

opposition to the motion for summary judgment at this stage of the proceedings. If needed, the Court shall establish a new deadline for Plaintiff to file an opposition to defendant Mandujano's motion for summary judgment after the resolution of Plaintiff's appeal.

### IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for transfer is DENIED;
2. Plaintiff's motion for stay based on prison conditions and Plaintiff's medical condition is DENIED;
3. Plaintiff's motion for stay pending appeal is GRANTED in part;
4. Plaintiff's case against defendant Mandujano is stayed pending resolution of Plaintiff's appeal filed on October 11, 2011;
5. Defendant Mandujano's motion for summary judgment, filed on August 30, 2011, is VACATED from the Court's calendar pending resolution of Plaintiff's appeal filed on October 11, 2011;
6. Plaintiff is excused from filing an opposition to the motion for summary judgment at this stage of the proceedings;
7. If needed, the Court shall establish a new deadline for Plaintiff to file an opposition to defendant Mandujano's motion for summary judgment after the resolution of Plaintiff's appeal; and
8. This order does not act as a stay of the litigation against defendants Wilcox, O'Grady, and Wilkerson.

IT IS SO ORDERED.

Dated:   **October 17, 2011**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

4