IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. BENYAMINI,<br><br>    Plaintiff,<br><br>    vs.<br><br>DEBBI MANJUANO, et al.,<br><br>    Defendants.<br>_____/ | 1:06-cv-1096 AWI GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND PRIVATE INVESTIGATOR<br><br>(Docs. 144, 147.) |

On November 2, 2011, and November 23, 2011, plaintiff filed motions seeking the appointment of counsel and a private investigator.

With regard to court-appointed counsel, plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

1  complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).  In
2  the present case, the court does not find the required exceptional circumstances.  Even if it is
3  assumed that plaintiff is not well versed in the law and that he has made serious allegations
4  which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with
5  similar cases almost daily.  Further, at this stage in the proceedings, the court cannot make a
6  determination that plaintiff is likely to succeed on the merits, and based on a review of the record
7  in this case, the court does not find that plaintiff cannot adequately articulate his claims.  Id.
8         With regard to plaintiff's motion for a court-appointed private investigator, the
9  expenditure of public funds on behalf of an indigent litigant is proper only when authorized by
10 Congress.  See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted).  The in forma
11 pauperis statute does not authorize the expenditure of public funds for the purpose sought by
12 plaintiff in the instant motion.
13         For the foregoing reasons, plaintiff's motions for the appointment of counsel and
14 a private investigator are HEREBY DENIED, without prejudice.
15    IT IS SO ORDERED.
16   Dated:   **December 1, 2011**           /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE