UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | 1:06-cv-01096-AWI-GSA-PC |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 16.) |
| DEBBIE MANJUANO, et al., | |
| Defendants. | |

**I.   BACKGROUND**

Robert Benjamini ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds on the Third Amended Complaint, filed on May 23, 2008, against defendants Mandujano,[1] Wilcox, Wilkerson, and O'Grady, on Plaintiff's Eighth Amendment claims for adverse conditions of confinement   (Docs. 1, 35.)

On December 19, 2011, Plaintiff filed a motion for reconsideration of the Court's order of December 1, 2011 which denied Plaintiff's motion for appointment of counsel and appointment of a private investigator.  (Doc. 149.)

///

---

[1] In the Third Amended Complaint, Plaintiff spelled this defendants last name as Manjuano.  (Doc. 35.) Defendant spells her last name as Mandujano.  (Doc. 79.)  The Court uses defendant's spelling. However, the case title assigned at case opening shall not be changed.

1

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on December 19, 2011, is DENIED.

IT IS SO ORDERED.

Dated: **January 24, 2012**          **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE