# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT BENYAMINI,

Plaintiff,

v.

DEBBIE MANJUANO, et al.,

Defendants.

_______________________________/

1:06-cv-01096-AWI-GSA PC

ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY
(Docs. 144, 145.)

ORDER EXTENDING DEADLINES FOR ALL PARTIES TO THIS ACTION

New Discovery Cut-Off Date: 03/23/2012

New Dispositive Motions Deadline: 05/25/2012

## I. BACKGROUND

Robert Benyamini ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 21, 2006. (Doc. 1.) This action now proceeds on the Third Amended Complaint, filed on May 23, 2008, against defendants Mandujano,[1] Wilcox, Wilkerson, and O'Grady, on Plaintiff's Eighth Amendment claims for adverse conditions of confinement (Doc. 35.)

///

[1]In the Third Amended Complaint, Plaintiff spelled this defendants last name as Manjuano. (Doc. 35.) Defendant spells her last name as Mandujano. (Doc. 79.) The Court uses defendant's spelling. However, the case title assigned at case opening shall not be changed.

On March 2, 2011, the Court issued a Discovery/Scheduling Order for this action, establishing a deadline of November 2, 2011 for the parties to complete discovery, including motions to compel, and a deadline of January 9, 2012, for filing pretrial dispositive motions. (Doc. 93.) On November 2, 2011 and November 4, 2011, Plaintiff filed motions to extend the discovery deadline in this action. (Docs. 144, 145.) Defendants have not filed an opposition.

## II. MOTION TO MODIFY SCHEDULING ORDER

A court may modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Johnson v. Mammoth Recreations, Inc., 975 F2d 604, 609 (9th Cir. 1992).

Plaintiff argues that the Court should modify the Scheduling Order to extend the discovery deadline for sixty days, for the following reasons: Defendants have constantly objected to Plaintiff's discovery requests; Plaintiff received inadequate responses from Defendants "just a couple of days ago," which does not allow Plaintiff sufficient time to timely respond; Plaintiff requires more time to find counsel and hire a private investigator; Plaintiff requires more time to obtain records from the County; Plaintiff has not received responses from Defendants to some of his discovery requests; Plaintiff does not have adequate access to the law library; and Plaintiff suffers from claustrophobia which incapacitates him while confined to his cell.

The Court finds good cause to extend the discovery deadline for all parties to this action. With respect to defendant Mandujano, the time for discovery ended prematurely. The record shows that on October 18, 2011, the Court stayed Plaintiff's action against defendant Mandujano pending resolution of Plaintiff's appeal at the Ninth Circuit. (Doc. 141.) Although Plaintiff's appeal was dismissed by the Ninth Circuit on November 15, 2011, the stay has not been lifted because the final mandate has not been issued. (Doc. 146.) Thus, even with due diligence, Plaintiff and defendant Mandujano were unable to conduct discovery after October 18, 2011. With respect to defendants

Wilcox, Wilkerson, and O'Grady, Plaintiff asserts that he received inadequate discovery responses just before the discovery deadline expired, making it impossible for Plaintiff to prepare and file a timely motion to compel. Based on the foregoing, the Court finds good cause to extend the discovery deadline for all parties to this action. The deadline for filing pretrial dispositive motions shall also be extended.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of the discovery deadline is GRANTED;

2. All discovery, including motions to compel, formerly to be completed by November 2, 2011, shall be completed by **March 23, 2012**; and

2. The deadline for serving and filing pre-trial dispositive motions, formerly January 9, 2012, is extended to **May 25, 2012**.

IT IS SO ORDERED.

**Dated:** **January 24, 2012**

/s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE