UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT BENYAMINI, | ) | 1:06-cv-01096-AWI-GSA-PC |
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR STAY AND MOTION FOR ORDER RELEASING PLAINTIFF |
| vs. | ) ) | FROM AD-SEG AND ALLOWING HIM TO POSSESS A TAPE RECORDER |
| DEBBIE MANJUANO, et al., | ) ) | (Doc. 165.) |
| Defendants. | ) ) | |

## I. BACKGROUND

Robert Benyamini ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original Complaint on August 21, 2006, and this action now proceeds on the Third Amended Complaint filed on May 23, 2008, against defendants Mandujano, Wilcox, Wilkerson, and O'Grady, on Plaintiff's Eighth Amendment claims for adverse conditions of confinement   (Docs. 1, 35.) On March 12, 2012, Plaintiff filed a motion for stay of this action and a for a court order releasing him from administrative segregation ("Ad-Seg") and allowing him to possess a tape recorder. (Doc. 165.)

///
///
///

1

## II. MOTION FOR RELEASE FROM AD-SEG AND POSSESSION OF TAPE RECORDER

Plaintiff requests a court order releasing him from Ad-Seg to enable him to meet deadlines in this action and prove that he did not commit the infraction for which he was placed in Ad-Seg. Plaintiff also requests a court order allowing him to possess a tape recorder to tape hearings at the prison.  The Court lacks jurisdiction to issue an order requiring prison officials to release him from Ad-Seg or to allow him to possess a tape recorder, because the Court does not have such a case or controversy before it in this action.  See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  Moreover, the Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970).   Furthermore, Plaintiff does not presently have any pending deadlines in this action.  Therefore, Plaintiff's motion shall be denied.

## III. MOTION FOR STAY

Plaintiff also requests a stay of this action because he is presently detained in Ad-Seg without access to his property, cannot make copies, and cannot do research from his cell because he suffers from claustrophobia.

Plaintiff's motion for stay shall be denied.  Plaintiff has brought numerous motions for stay in this action and has been advised that the Court does not lightly stay litigation, due to the possibility of prejudice to defendants.  Moreover, Plaintiff does not presently have any pending deadlines in this action for which he needs to do research or make copies.  Plaintiff has not shown good cause for the Court to stay this litigation.  Therefore, Plaintiff's motion shall be denied.

///

///

IV. **CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a court order releasing him from Ad-Seg and allowing him to possess a tape recorder is DENIED; and
2. Plaintiff's motion for stay is DENIED.

IT IS SO ORDERED.

**Dated:** **March 14, 2012**         /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE

3