# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | 1:06-cv-01096-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING REQUEST FOR COURT ORDER ALLOWING PLAINTIFF TO TAKE POLYGRAPH TEST |
| vs. | |
| DEBBIE MANJUANO, et al., | ORDER DENYING MOTION FOR RECONSIDERATION |
| Defendants. | (Doc. 167.) |

**I.   BACKGROUND**

Robert Benjamini ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on the Third Amended Complaint, filed on May 23, 2008, against defendants Mandujano,[1] Wilcox, Wilkerson, and O'Grady, on Plaintiff's Eighth Amendment claims for adverse conditions of confinement   (Docs. 1, 35.)

On March 26, 2012, Plaintiff filed a motion for reconsideration of the Court's order of March 14, 2012, which denied Plaintiff's motion for stay and motion for an order releasing Plaintiff from Ad-Seg and allowing him to possess a tape recorder. (Doc. 149.)

///

---

[1] In the Third Amended Complaint, Plaintiff spelled this defendants last name as Manjuano. (Doc. 35.) Defendant spells her last name as Mandujano. (Doc. 79.) The Court uses defendant's spelling. However, the case title assigned at case opening shall not be changed.

1

## II.  MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

### Request for Court Order Allowing Polygraph Examination

Plaintiff asserts that the court failed to make a ruling on his request for permission to take a polygraph examination to prove his innocence of the charges resulting in his Ad-Seg detention. The Court lacks jurisdiction to issue an order requiring prison officials to allow him to take a polygraph examination, because the Court does not have such a case or controversy before it in this action.  See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). Moreover, the Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970).

1 Therefore, the court here denies Plaintiff's request for a court order allowing him to take a polygraph examination.

### Reconsideration of March 14, 2012 Order

With respect to Plaintiff's further arguments, Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision of March 14, 2012. Therefore, the motion for reconsideration shall be denied.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a court order allowing him to take a polygraph examination is DENIED; and

2. Plaintiff's motion for reconsideration, filed on March 26, 2012, is DENIED.

IT IS SO ORDERED.

Dated:  **March 28, 2012**            /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE