# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | 1:06-cv-01096-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| vs. | (Doc. 169.) |
| DEBBIE MANJUANO, et al., | |
| Defendants. / | |

**I.   BACKGROUND**

Robert Benjamini ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds on the Third Amended Complaint, filed on May 23, 2008, against defendants Mandujano,[1] Wilcox, Wilkerson, and O'Grady ("Defendants"), on Plaintiff's Eighth Amendment claims for adverse conditions of confinement  (Docs. 1, 35.)  On April 6, 2012, Plaintiff filed a motion for default judgment.  (Doc. 169.)  On April 11, 2012, defendant Mandujano filed an opposition. (Doc. 172.)  On April 12, 2012, defendants Wilcoxson, Wilkerson, and O'Grady filed an opposition.  (Doc. 175.)

///

---

[1] In the Third Amended Complaint, Plaintiff spelled this defendants last name as Manjuano.  (Doc. 35.)  Defendant spells her last name as Mandujano.  (Doc. 79.)  The Court uses defendant's spelling. However, the case title assigned at case opening shall not be changed.

1

## II. PLAINTIFF'S MOTION

Plaintiff requests default judgment against Defendants pursuant to Rule 55(b)(1) on the ground that Defendants failed to respond to the interrogatories Plaintiff sent to them on June 20, 2011. In opposition, Defendants argue that Rule 55(b)(1) is not applicable, and Plaintiff is not entitled to sanctions because Defendants have responded to all of the discovery requests served upon them by Plaintiff.

Plaintiff's motion is untimely and without merit. Plaintiff's motion is untimely because it was filed after the discovery phase concluded in this action. The discovery deadline, established by the Court's scheduling order of January 24, 2012, expired on March 23, 2012, precluding Plaintiff from raising discovery issues afterward by this motion filed on April 6, 2012. Plaintiff may not bring a motion requesting sanctions for failing to respond to discovery requests at this stage of the proceedings.

Moreover, the Court agrees with Defendants that Rule 55 does not apply in this instance. Under Rule 55 of the Federal Rules of Civil Procedure, entry of default is appropriate for a defendant who has failed to serve an answer or other responsive pleading after being served with the summons and complaint, "or, if [the Defendant] has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." See Fed. R. Civ. P. 55(a). Plaintiff has raised no argument that any of the Defendants failed to answer the complaint in a timely manner, and the Court finds no such issue in this action. Therefore, none of the Defendants is subject to entry of default pursuant to Rule 55.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for default judgment, filed on April 6, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   **April 17, 2012**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE