# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | 1:06-cv-01096-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MANDUJANO BE DENIED |
| vs. | |
| DEBBIE MANJUANO, et al., | |
| Defendants. | (Doc. 194.) |
| | OBJECTIONS, IF ANY, DUE IN 20 DAYS |

## I. BACKGROUND

Robert Benyamini ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on the Third Amended Complaint, filed on May 23, 2008, against defendants Mandujano,[1] Wilcox, Wilkerson, and O'Grady ("Defendants"), on Plaintiff's Eighth Amendment claims for adverse conditions of confinement  (Docs. 1, 35.)  On July 18, 2012, Plaintiff filed a motion for default judgment against defendant Mandujano.  (Doc. 194.)

///

---

[1] In the Third Amended Complaint, Plaintiff spelled this defendants last name as Manjuano. (Doc. 35.) Defendant spells her last name as Mandujano. (Doc. 79.)  The Court uses defendant's spelling. However, the case title assigned at case opening shall not be changed.

1

## II. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff requests default judgment in the amount of $500,000 against defendant Mandujano, asserting that the Court has entered default against defendant Debbie Mandujano, based on Mandujano's failure to answer or otherwise defend in this action. The controlling federal rule is Rule 55, Federal Rules of Civil Procedure, which provides in pertinent part as follows:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> **(1) *By the Clerk*.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2) *By the Court*.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom judgment by default is sought has appeared personally or by representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
>
> **(A)** conduct an accounting;
>
> **(B)** determine the amount of damages;
>
> **(C)** establish the truth of any allegation by evidence; or
>
> **(D)** investigate any other matter.

Fed. R. Civ. P. 55.

Plaintiff is mistaken in his assertion that default has been entered against defendant Mandujano. In fact, all of Plaintiff's prior motions for entry of default and default judgment against defendants in this action have been denied. (Docs. 66, 67, 83, 120, 169, 177.) In the present motion, Plaintiff offers no evidence or meritorious argument that defendant Mandujano failed to answer the complaint in a timely manner or otherwise failed to defend in this action. Therefore, Plaintiff's motion must be denied.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that Plaintiff's motion for default judgment against defendant Mandujano, filed on July 18, 2012, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  July 19, 2012                    /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE